IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EUROBANK**

Plaintiff,

v.

**M.V. SARIMAR**, Official No. 1089095, her engines, gear, equipment and appurtenances, *in rem*; and IVAN GUZMAN ORTIZ, IRMA D. HERNANDEZ HERNANDEZ and THE LEGAL COMMUNITY PARTNERSHIP constituted between Ivan Guzmán Ortiz and Irma D. Hernández Hernández, *in personam*,

Defendants

CIVIL 06-1105 (JAF)

RECEIVED & FILED
'06 JAN 30 AM 10:31
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

### ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Upon motion of plaintiff **EUROBANK**, by and through its attorneys of record, the Court having reviewed the **Verified Complaint In Rem** and exhibits attached filed in this case together with a **Motion Requesting Appointment of Substitute Custodian** and **Affidavit of Substitute Custodian** in support thereof; and

It appearing from the record that the U.S. Marshal will seize the defendant vessel **M/V SARIMAR** forthwith pursuant to the **Warrant of Arrest of Vessel** to be issued by the Clerk of this Court; and,

It further appearing that Captain Jorge Cintrón Fernández, Social Security Number 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, dba *Unlimited Marine*, Urb.

Industrial Plácido González, Carr. 189 Km. 2.5 Interior, Caguas, PR 00725, has agreed and consented to assume the responsibility of safekeeping the defendant vessel and has consented to act as her custodian upon order of this Court, all for a sum including security, fire watch, guard service, and other routine services required for the safekeeping of the particular cargo, excluding mooring and dockage charges, at a rate of **$ 15.00** per day, including expenses;

That Captain Jorge Cintrón Fernández by Affidavit has stated that he has a Master's License, 100 Tons, issued by the U.S. Coast Guard, can obtain adequate facilities and supervision for the proper safekeeping of the vessel and that he will obtain via counsel for plaintiff specific property and liability insurance coverage from the U.S. Marshal Service, **Appointed Custodan Legal Liability Insurance,** sufficient to respond in damages for loss or injury to the defendant vessel, her engines, tackle, appurtenances, etc. or for any damage sustained by third parties due to acts, faults or negligence by said substitute custodian or his agents;

That said substitute custodian accepts, in accordance with the terms of this Order, to release the United States of America, the U.S. Marshal, their agents, servants and employees and all others for whom they are responsible, from any and all liability and responsibility of any sort arising out of the care and substitute custody of the defendant vessel, and to hold harmless

and indemnify the United States of America and U.S. Marshal, their agents, servants and employees, from any and all claims and judgments whatsoever arising out of the substitute custodian's possession and safekeeping, and for all attorney's fees, costs, expenses and disbursements incurred in defending against said claims or actions arising out of said substitute custody.

THEREFORE, IT IS HEREBY ORDERED that **Captain Jorge Cintrón Fernández,** dba *Unlimited Marine*, be, and is hereby, appointed the custodian of said vessel **M/V SARIMAR,** Official No. 1089095 to retain the same in his custody for possession and safekeeping for compensation as approved by the court until further order of the court. The substitute custodian is authorized to shift the vessel while in port as shall be required by the U.S. Coast Guard and/or the P.R. Ports Authority, and for which custodian may charge a sum not to exceed $ 250.00 per shift.

IT IS FURTHER ORDERED that U.S. Marshal for the District of Puerto Rico shall surrender the possession of the defendant vessel to the substitute custodian named herein upon executing the Warrant in this action, and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and shall be held harmless and will be indemnified by the substitute custodian from any and all claims whatsoever arising out of said substituted possession and safekeeping.

IT IS FURTHER ORDERED that the substitute custodian must

acknowledge receipt for the vessel and the U.S. Marshal must attest to the date and time of such release on a certified copy thereof.

IT IS FURTHER ORDERED that all Marshal's costs in executing the Warrant of Arrest be paid prior to the release of said vessel; and all further constructive costs will be advanced by Plaintiff and will be taxed as costs in this litigation as a cost of administration of justice.

IT IS FURTHER ORDERED that **Captain Jorge Cintrón Fernández** shall be entitled to be paid storage, security and other routine services required for the safekeeping of the vessel, excluding dockage, mooring and other port charges at the rate of **$15.00** per day, plus expenses and other lawful charges necessarily incurred in connection therewith as approved by this Court.

Dated in San Juan, Puerto Rico this 26th day of January, 2005.

U.S. DISTRICT COURT JUDGE

4